UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-533-H

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA                                                                       PLAINTIFF

V.

HILLERICH & BRADSBY COMPANY, INC.                                                  DEFENDANT

**MEMORANDUM OPINION**

This is an insurance coverage dispute. Plaintiff, Travelers Indemnity Company of America ("Travelers"), issued a series of insurance policies to Defendant, Hillerich & Bradsby Company, Inc. ("H&B"). Subsequently, Travelers paid attorney's fees and settlement funds under reservation of rights, in *Baum Research and Development Co., Inc. v. H&B, et. al.*, 98-72946 (E.D. Mich.) ("the Baum litigation") on behalf of H&B. In this litigation, Travelers seeks (1) a declaration of rights that no coverage was available under its policies as to the claims asserted in the Baum litigation and (2) reimbursement of the settlement funds paid on H&B's behalf.[1] H&B has asserted a counterclaim against Travelers for bad faith.

Before the Court is H&B's motion for partial summary judgment as to available remedies in this proceeding. H&B argues that Travelers would not be entitled to reimbursement for the settlement moneys already contributed in the case, even were it successful on its declaration of rights claim. Consequently, should the Court agree with H&B, the motion would be dispositive

---

[1] Travelers acknowledged in its Response to Defendant's Motion for Summary Judgment that it is not seeking reimbursement for attorney's fees or expenses related to its defense of H&B in the Baum litigation.

of Travelers's claims in this litigation.  *See, e.g.*, *Brennan v. Rhodes*, 423 F.2d 706, 706-07 (6th Cir.1970) (stating that the Declaratory Judgment Act "does not broaden the jurisdiction granted to the federal courts by the Constitution," and that, consequently, "there still must be a case or controversy before a federal court can assume jurisdiction and reach the merits of a [declaratory judgment action]").

I.

Travelers issued Comprehensive General Liability ("CGL") insurance policies to H&B for one-year periods beginning July 1, 1997.  On July 1, 1998, Baum Research and Development Company, Inc. filed suit against H&B and other defendants in the Eastern District of Michigan, asserting numerous claims ranging from anti-trust violations to interference with business relationships in connection with the aluminum bat market.  H&B asserted a claim that one or more of the policies provided coverage for the Baum litigation.  By letter dated December 7, 2000, Travelers denied coverage.  On January 9, 2001, the plaintiff in the Baum litigation filed a Second Amended and Supplemental Complaint.  Based on new allegations therein asserted and the dismissal of the anti-trust allegations, Travelers assumed the defense of H&B, under an express reservation of rights.

Travelers exercised no control over the defense of H&B.  Instead, Travelers reimbursed H&B's defense costs and paid the attorneys that H&B had chosen to hire.  Throughout the litigation, Travelers repeatedly stated that indemnity coverage was unlikely and that, therefore, any settlement figure had to be apportioned among each of the asserted causes of action so that coverage could be determined at a later date.

In January of 2005, after settlement negotiations began, Travelers notified H&B of its

willingness to contribute money to the Baum litigation settlement but that it would reserve the right to seek reimbursement for that contribution. Travelers confirmed its position in an e-mail dated February 1, 2005, stating that, "Following up on our most recent telephone conversation, Travelers is willing to contribute $250,000 to the underlying settlement, while reserving all available coverage defenses for defense and indemnity exposures." In the e-mail, Travelers expressly revoked a previous offer to waive its right to reimbursement.[2]

H&B refused to acknowledge that Travelers had the right to reimbursement. In a letter dated February 1, 2005, H&B acknowledged that it had received Travelers's e-mail and it declared that Travelers's attempt to reserve all available defenses for defense and indemnity exposure "is a wholly new condition and it borders on bad faith." Despite H&B's objection, Travelers agreed to fund H&B's share of the settlement. On March 18, 2005, the parties reached a settlement in the Baum litigation.

## II.

The Court must determine whether Travelers is entitled to reimbursement for settlement proceeds contributed should the Court later determine that the policies do not cover the Baum litigation claims. Kentucky law controls because this state has the most significant relationship to the formation of the insurance contract and the parties. *See Breeding v. Massachusetts Indem. and Life Ins. Co.*, 633 S.W.2d 717, 719 (Ky. 1982) (choice of law in contract dispute depends on which state has the most significant relationship to the transaction the parties); *see also Wallace*

---

[2] In the e-mail, Travelers wrote that, "You have informed me that, even if Travelers were willing to contribute to the underlying settlement and waive any right of reimbursement should coverage be found to be lacking, your client would not be willing to similarly waive its right to 'pre-acceptance' fees. . . . In light of the aforementioned, Travelers is no longer willing to make the substantial concessions sought by H&B without some form of reciprocity."

*Hardware Co., Inc. v. Abrams*, 223 F.3d 382, 391 (6th Cir. 2000) (a federal court must apply the choice of law rules of the forum state in a diversity case). H&B is a Kentucky corporation with its principal place of business in Kentucky and the policies at issue were negotiated, purchased and issued in Kentucky. No Kentucky state court has directly addressed the issue of reimbursement in a case like this one. Accordingly, this Court must "ascertain from all available data . . . what the state's highest court would decide if faced with the issue." *Grantham and Mann, Inc. v. American Safety Products, Inc.*, 831 F.2d 596, 608 (6th Cir. 1987).

Generally, in Kentucky a reservation of rights is an effective means of suspending the operation of the estoppel doctrine in insurance cases. *See National Union Indem. Co. v. Miniard*, 310 S.W.2d 793, 794 (Ky. 1958). An insured is not required to accept a defense offered by the insurer under a reservation of rights. *Medical Protective Co. of Fort Wayne, Indiana v. Davis*, 581 S.W.2d 25, 26 (Ky. Ct. App. 1979). But if the insured chooses to accept a defense under reservation, the insurer retains any defenses under its policy and can contest coverage in a subsequent proceeding. *Miniard*, 310 S.W.3d at 794.

H&B concedes that even though Travelers defended H&B in the Baum litigation, Travelers has the right to contest coverage in this declaration proceeding. However, H&B argues that Travelers's reservation of rights has limits. According to H&B, an insurer has no right to reimbursement of settlement funds unless the insured expressly agrees to allow that insurer to seek reimbursement of those funds.

Kentucky law is silent on this issue. However, other jurisdictions seem to take the view that an insurer who settles a non-covered claim is entitled to such reimbursement despite the insured's objection where: (1) the insurer has timely asserted a reservation of rights; (2) the

4

insurer has notified the insured of its intent to seek reimbursement; and (3) the insured has meaningful control of the defense and negotiation process.[3] *See Nobel Ins. Co. v. Austin Powder Co.*, 256 F. Supp. 2d 937, 940 (W.D. Ark. 2003) (applying Arkansas law) (citation omitted) (insurer entitled to reimbursement where it timely and explicitly reserved its right to recoup the costs and provided specific and adequate notice of the possibility of reimbursement); *Blue Ridge Ins. Co. v. Jacobsen*, 25 Cal. 4th 489, 502 (Cal. 2001) (insurer entitled to reimbursement upon (1) a timely and express reservation of rights; (2) an express notification to the insureds of the insurer's intent to accept a proposed settlement offer; and (3) an express offer to the insureds that they may assume their own defense when the insurer and insureds disagree whether to accept the proposed settlement); *Medical Malpractice Joint Underwriting Ass'n of Massachusetts v. Goldberg*, 680 N.E.2d 1121, 1129 (Mass. 1997) (denying right to reimbursement where insurer entered into settlement agreement without notifying the insured of the settlement offer prior to accepting it); *but see Texas Ass'n of Counties County Gov't Risk Mgmt. Pool v. Matagorda County*, 52 S.W.3d 128, 133 (Tex. 2000) (an insurer has no right to recoup settlement expenses absent an express agreement with the insured). This is a reasonable approach the Kentucky courts would likely adopt because it encourages insurers to participate in settlement agreements and it places the financial and legal burden upon the insurer, not the insured, to pursue reimbursement.

Here, Travelers asserted its reservation of rights at the same time that it agreed to defend H&B in the Baum litigation. Once settlement negotiations began, Travelers again expressly

---

[3] The court does not hold that these are the only circumstances in which an insurer may be entitled to reimbursement under Kentucky law. It is difficult to fashion a hard and fast rule on this issue, given that there is little uniformity among the various jurisdictions that have addressed it.

notified H&B of its intent to seek reimbursement. And H&B had complete control over the defense and negotiation process. Travelers's only role in the settlement was to authorize the final figure that H&B had negotiated on its behalf. Therefore, at the time the parties entered into the agreement, there was little if any risk that Travelers would unilaterally bind H&B to an agreement that H&B could never pay on its own.

The fact that H&B objected to Travelers's expressed intent to seek reimbursement does not change this result. In Kentucky, an insurer's refusal to settle a case may constitute bad faith even if the insured has a good faith belief that the policy does not provide coverage. Ky. Rev. Stat. § 304.12-230(6); *Eskridge v. Educator & Executive Insurers, Inc.*, 677 S.W.2d 887, 889 (Ky. 1984). If a an insured could prevent an insurer from seeking reimbursement for settling a non-covered claim, an insurer "would have no practical avenue of recourse other than to settle and forgo reimbursement." *Blue Ridge*, 25 Cal. 4th at 502. Effectively, H&B's proposed rule would force insurance companies defending under reservation to settle covered and non-covered claims alike whenever there is a colorable argument that coverage exists. *Id.*

Based on the foregoing, this Court holds that Travelers has the right to seek reimbursement of the funds it contributed to the Baum litigation settlement. The next step is to determine whether Travelers has the right to collect reimbursement under the language of its policies.

The Court will enter an order consistent with this Memorandum Opinion.

cc: Counsel of Record