UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:05CV-533-H

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, *et al.* | PLAINTIFF |
| V. | |
| HILLERICH & BRADSBY CO., INC. | DEFENDANT |

**MEMORANDUM OPINION AND ORDER**

This is an insurance coverage dispute. On April 25, 2007, this Court issued a Memorandum Opinion resolving cross-motions for summary judgment filed by Travelers Property Casualty Company of America ("Travelers") and Hillerich and Bradsby Company, Inc. (H&B). The result was mixed for each side. The Court concluded that (1) the First Amended Complaint triggered Travelers' duty to defend, but that (2) Travelers is entitled to reimbursement for the funds it contributed to the *Baum* settlement. H&B has now filed this motion to alter or amend that opinion and order. The Court has previously reviewed the relevant facts in several memorandum opinions. The Court will now consider H&B's arguments.

I.

H&B's first basis for its motion is that the Court erred in interpreting the original 1998 complaint in the *Baum* litigation, and that Travelers owed H&B a duty to defend from the inception of the litigation. The Court reviewed the 1998 Complaint at some length and discussed its review in the April 25, 2007 memorandum opinion. The Court was clear in that opinion that the 1998 Complaint "does not come close to triggering Traveler's duty to defend." Upon review

of all the arguments, the Court respectfully concludes that, for the reasons previously stated, H&B's renewed arguments remain unconvincing.

## II.

H&B next argues that the Court erred when it stated that Baum filed its First Amended Complaint on November 8, 1999. This date is significant because the Court found that Travelers' duty to defend was triggered by the filing of the First Amended Complaint. The circumstances surrounding the First Amended Complaint are at least mildly ambiguous and deserve some explanation. The *Baum* litigation was originally filed in the Eastern District of Michigan. Defendants in the *Baum* case filed a motion to dismiss. Judge Avern Cohn of the Eastern District of Michigan granted that motion in part, but denied it as to several tort claims, granting Baum twenty days to file an amended complaint regarding the tort claims. On December 4, 1998, Baum filed a Motion for Reconsideration and to Amend the Complaint, attaching as an exhibit a document entitled "Plaintiffs' First Amended Complaint." This "amended complaint" filed on December 4, 1998 contains the same language that the Court found was sufficient to trigger Travelers' duty to defend in the November 9, 1999 First Amended Complaint.

After the filing of this motion but before Judge Cohn had the opportunity to rule upon it, the Judicial Panel on Multidistrict Litigation transferred the *Baum* litigation to the District of Kansas, where the case joined other similar cases before Judge Kathryn Vratil. Once there, the parties briefed the Motion for Reconsideration and to Amend the Complaint. Judge Vratil issued an opinion dated October 29, 1999, concluding that the language contained in the "First Amended Complaint" exhibit attached to the December 4, 1998 motion was sufficient for Baum

to survive a motion to dismiss. Therefore, Baum filed its First Amended Complaint on November 8, 1999, after deleting some language from the "First Amended Complaint" that was attached as an exhibit to the motion filed December 4, 1998.

H&B is attempting to spin these facts to its advantage. The Court is not convinced that the point is proved. Baum's "First Amended Complaint" was tendered to Judge Cohn and then to Judge Vratil as an exhibit to a motion. H&B apparently did not file an Answer to Baum's First Amended Complaint *until after November 8, 1999* – the date on which the First Amended Complaint was formally filed in the District of Kansas. In the policy issued to H&B, Travelers has "the right and duty to defend any 'suit' seeking" covered damages. The policy defines "suit" as a "civil proceeding in which damages because of . . . 'personal injury' to which this insurance applies are alleged." Travelers' duty to defend extends only to a "suit," and "there is nothing ambiguous or all-inclusive about the word 'suit.' It has always referred to an action brought in a court of justice seeking a legal remedy." *Aetna Casualty & Surety Co. v. Kentucky*, 179 S.W. 830, 856 (Ky. 2005). "The effect of this policy language is that an insurer owes a duty to defend 'suits' but no duty to defend claims which have not yet become suits." *Id.* The "First Amended Complaint" attached to the December 4, 1998 motion did not change the nature of the "suit" pending against H&B.[1] Therefore, the Court respectfully maintains that Travelers' duty to defend was triggered by the November 8, 1999 filing of the First Amended Complaint.[2]

---

[1] Apparently, even H&B itself did not consider the "First Amended Complaint" attached to the motion filed December 4, 1998 to be a filed complaint under the policy because it did not submit an Answer until after the November 8, 1999 filing. H&B cannot now argue the opposite.

[2] Travelers has argued in the briefing of this case that its duty to defend should have been triggered by the *tendering* of the First Amended Complaint to Travelers, not its filing. However, Travelers has filed no motion of its own to alter or amend judgment, and the time window for doing so has long passed. *See* Fed. R. Civ. P. 59(e). For those reasons, the Court will not consider those arguments at this time.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to alter or amend judgment is DENIED.

cc:   Counsel of Record